UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

KORON TARANTOLA,

              Plaintiff,

-against-

CITY OF NEW YORK, LYNETTE REYES, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

              Defendants.
-------------------------------------------------------------------x

**COMPLAINT**

Docket No.

Jury Trial Demanded



Plaintiff KORON TARANTOLA, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff KORON TARANTOLA is a thirty-seven year old Hispanic American man who resides in the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants LYNETTE REYES and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12. On January 23, 2011, at approximately 12:15 a.m., in the vicinity of De Sales Place and Bushwick Avenue, Brooklyn, New York, plaintiff was lawfully seated in a vehicle when the defendant officers approached the vehicle, and immediately ordered plaintiff to exit said vehicle.

13. Plaintiff complied with the defendants' order.

14. Upon exiting the vehicle, the defendant officers handcuffed plaintiff and searched him by emptying his pockets, and, in public view, by unbuttoning his pants and looking inside his underwear. The defendant officers also searched inside the vehicle.

15. Notwithstanding the fact that the officers did not recover any contraband from plaintiff or the vehicle, and that plaintiff had committed no crimes, the defendant officers imprisoned plaintiff in a police vehicle and transported him to a police precinct stationhouse.

16. While imprisoned at the stationhouse, the defendant officers subjected plaintiff to a humiliating and unlawful strip search, wherein the defendants compelled plaintiff to pull his pants and underwear down to his ankles, and to bend over, squat, and cough.

17. The defendant officers imprisoned plaintiff until January 24, 2011, at approximately 6:00 a.m., when the defendants released plaintiff without charging him with violating any laws.

18. Defendant JOHN or JANE DOE 1 supervised defendants REYES and JOHN and JANE DOE 2 through 10 and approved of, oversaw, and otherwise participated in arrest and improper searches of the plaintiff.

19. Defendants REYES and JOHN and JANE DOE 2 through 10 directly participated

in and/or failed to intervene in the illegal conduct described herein.

20. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

21. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, abuse their authority, are insufficiently trained regarding what constitutes probable cause to arrest individuals, the proper manner to search individuals, and that the defendants otherwise engage in falsification.

22. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

23. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24. As a result of the foregoing, plaintiff KORON TARANTOLA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff KORON TARANTOLA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants arrested plaintiff KORON TARANTOLA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

34. Defendants caused plaintiff KORON TARANTOLA to be falsely arrested and unlawfully imprisoned.

35. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants unreasonably searched plaintiff KORON TARANTOLA in public view by unbuttoning his pants and looking inside his underwear.

38. Defendants caused KORON TARANTOLA to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

39. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants strip searched plaintiff KORON TARANTOLA in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

42. Defendants thereby caused plaintiff KORON TARANTOLA to be deprived of his right to be free from unlawful strip searches.

43. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The defendants falsely arrested, and illegally searched plaintiff KORON TARANTOLA because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

46. As a result of the foregoing, plaintiff KORON TARANTOLA was deprived of his

rights under the Equal Protection Clause of the United States Constitution.

47. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants had an affirmative duty to intervene on behalf of plaintiff KORON TARANTOLA, whose constitutional rights were being violated in their presence by other officers.

50. The defendants failed to intervene to prevent the unlawful conduct described herein.

51. As a result of the foregoing, plaintiff KORON TARANTOLA's liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to handcuffing and other physical restraints, and he was illegally searched.

52. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

55. As a result of the foregoing, plaintiff KORON TARANTOLA was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

56. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

62. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals.

63. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search.

64. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff KORON TARANTOLA's rights as described herein.

65. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KORON TARANTOLA.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KORON TARANTOLA as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KORON TARANTOLA as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KORON TARANTOLA was falsely arrested, unlawfully imprisoned, and illegally searched.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KORON TARANTOLA'S constitutional rights.

71. All of the foregoing acts by defendants deprived plaintiff KORON TARANTOLA of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from unreasonable searches and unlawful strip searches; and

    D.    To be free from the failure to intervene;

72. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## Supplemental State Law Claims

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

75. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

77. Plaintiff has complied with all conditions precedent to maintaining the instant action.

78. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

79. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants arrested plaintiff KORON TARANTOLA without probable cause.

82. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

83. As a result of the aforementioned conduct, plaintiff KORON TARANTOLA was unlawfully imprisoned in violation of the laws of the State of New York.

84. As a result of the aforementioned conduct, plaintiff KORON TARANTOLA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

85. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. As a result of the foregoing, plaintiff KORON TARANTOLA was placed in apprehension of imminent harmful and offensive bodily contact.

88. As a result of defendants' conduct, plaintiff KORON TARANTOLA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendants made offensive contact with plaintiff KORON TARANTOLA without privilege or consent.

92. As a result of defendants' conduct, plaintiff KORON TARANTOLA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

94. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Plaintiff was unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time she was searched.

96. As a result of defendants' conduct, plaintiff KORON TARANTOLA has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

14

97. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

100. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

101. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

102. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KORON TARANTOLA.

103. As a result of the aforementioned conduct, plaintiff KORON TARANTOLA suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

104. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the false arrest and illegal searches of plaintiff KORON TARANTOLA.

107. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

108. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

109. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the false arrest and illegal searches of plaintiff KORON TARANTOLA.

111. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York</u>)

112. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

114. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(<u>*Respondeat Superior* liability under the laws of the State of New York</u>)

115. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

117. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

118. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119. As a result of defendants' conduct, plaintiff KORON TARANTOLA was deprived of his right to equal protection of laws.

120. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

121. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122. As a result of defendants' conduct, plaintiff KORON TARANTOLA was deprived of his right to security against unreasonable searches, seizures, and interceptions.

123. As a result of the foregoing, plaintiff KORON TARANTOLA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KORON TARANTOLA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 23, 2012

        LEVENTHAL & KLEIN, LLP
        45 Main Street, Suite 230
        Brooklyn, New York 11201
        (718) 722-4100

By: _____
        BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff KORON TARANTOLA